UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALONZO FEARS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-01839-SEB-MPB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Order, Alonzo Fears's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

1

## II. Factual Background

In January 2019, Mr. Fears was charged with one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). *United States v. Fears*, 1:19-cr-0009-SEB-TAB ("Crim. Dkt."), dkt. 1. The indictment listed the following prior convictions for Mr. Fears: (1) a June 2008 conviction in Marion County (Indiana) Superior Court for dealing in cocaine; (2) a February 2008 conviction in Marion County (Indiana) Superior Court for possession of cocaine; and (3) a February 2008 conviction in Marion County (Indiana) Superior Court for possession of cocaine. *Id.* It did not, however, allege that Mr. Fears knew he was a prohibited person. *Id.*

On June 13, 2019, Mr. Fears executed a petition to enter plea of guilty and plea agreement. Crim. Dkt. 20. The plea agreement identified the essential elements of the offense, including that Mr. Fears "was knowingly a prohibited person." *Id.* at ¶ 2. The factual basis included an allegation that Mr. Fears had been "previously convicted of a crime punishable by one year" and listed the same prior convictions as the indictment. *Id.* at ¶ 14. The plea agreement also contained a waiver of Mr. Fears's right to file a direct appeal and a waiver of his right to contest his conviction or sentence under § 2255 except for claims of ineffective assistance of counsel. *Id.* at ¶¶ 19-20.

Shortly after Mr. Fears executed his plea agreement, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019). "Before *Rehaif*, the federal courts of appeals had all held that § 922(g) required the government to prove a defendant knowingly possessed a firearm or ammunition, but not that the defendant knew he or she belong to one of the prohibited classes. In *Rehaif*, the Supreme Court reached a different conclusion, holding that the statute requires the government to show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *United States v. Maez*, 960 F.3d 949, 953 (7th Cir. 2020) (cleaned up).

In December 2019—almost six months after *Rehaif* was issued—the Court conducted a change of plea and sentencing hearing for Mr. Fears. Crim. Dkt. 27 (minute entry); Crim. Dkt. 34 (transcript). When asked, Mr. Fears indicated that he had no questions about the charge, the statutory penalties, or the essential elements of the charged offense. Crim. Dkt. 34 at 6. Specifically, he did not raise a challenge to his indictment or guilty plea based on *Rehaif*. The Court concluded that Mr. Fears's guilty plea was knowing and voluntary and accepted it. *Id.* at 18.

During the sentencing portion of the hearing, the Court concluded that Mr. Fears's total offense level was 19 and his criminal history category was V. *Id.* at 32. This resulted in a guidelines range of 57 to 71 months' imprisonment. *Id.* When speaking to the Court, Mr. Fears acknowledged that he "did ten years," meaning he was incarcerated for that length of time. *Id.* at 35. The Court engaged in an extensive colloquy with Mr. Fears and sentenced him to 71 months' imprisonment and three years' supervised release. *Id.* at 67-69. Judgment was entered on December 20, 2019. Crim. Dkt. 28.

Mr. Fears did not appeal his conviction and sentence, but he filed this motion for relief under § 2255 in July 2020.

### III. Discussion

In this § 2255 motion, Mr. Fears challenges his indictment on the basis of *Rehaif*. He argues that, because the indictment did not allege that he knew of his prohibited status, the Court did not have jurisdiction and his conviction violates his Fifth and Sixth Amendment rights. *See* dkt. 1. The government contends: (1) that Mr. Fears waived his ability to assert any claim other than ineffective assistance of counsel in a § 2255 motion; (2) that he procedurally defaulted his claims by not raising them on direct appeal; and (3) that he cannot establish that he did not know he was a convicted felon. Dkt. 9. Although the government asserts waiver and procedural default, the

Court will exercise its discretion and address Mr. Fears's arguments on their merits.

All of Mr. Fears's claims center around the fact that his indictment did not allege that he knew of his status as a felon. *See* dkt. 1. He contends that this is a structural error that requires reversal. *See, e.g.*, dkt. 1 at 16 (requesting dismissal of indictment because failure to include element of offense is a fatal defect); *id.* at 18 ("failure to guarantee that a grand jury find probable cause on all elements of the crime is a structural error"); *id.* at 20 ("An indictment missing an essential element is not an indictment at all . . . ."). Contrary to Mr. Fears's argument, however, the Seventh Circuit has concluded that an "incomplete indictment" is not a structural error. *Maez*, 960 F.3d at 958; *see also United States v. Payne*, 964 F.3d 652, 657 (7th Cir. 2020) ("In any event, we recently ruled that omission of the *Rehaif* element is not a structural error."). Because the missing element is not a structural error, Mr. Fears 's challenge to his conviction must be denied.[1]

### IV. Conclusion

For the reasons explained in this Order, Mr. Fears is not entitled to relief on his § 2255 motion. There was no structural error in his indictment. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Order shall now issue and the Clerk shall **docket a copy of this Order in No. 1:19-cr-00009-SEB-TAB-1.** The motion to vacate, Crim. Dkt. [32], shall also be **terminated** in the underlying criminal action.

---

[1] Mr. Fears does not ask to withdraw his guilty plea. *See* dkt. 1. Because he did not move to withdraw his plea as part of the original prosecution, any request to do so would be reviewed for plain error. *United States v. Williams*, 946 F.3d 968, 971 (7th Cir. 2020). Mr. Fears could not establish that any error affected his substantial rights because the plea agreement identified knowledge of his prohibited status as an element of the offense, he had three prior convictions that each resulted in a sentence exceeding one year, and he admitted during sentencing that he was incarcerated for ten years. *See id.* at 974 (recognizing that "any § 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a *Rehaif* error in a guilty plea affected his substantial rights").

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Fears has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 12/20/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALONZO FEARS
16816-028
PHOENIX - FCI
PHOENIX FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
37910 N 45TH AVE
PHOENIX, AZ 85086

Amanda Kester
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
amanda.kester@usdoj.gov